UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WEN-HWA SHIEH,

                Plaintiff,

-against-

R. RODRIGUEZ,

                Defendant.

1:19-CV-5306 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

By order dated November 6, 2019, the Court granted Plaintiff, who appears *pro se* and is proceeding *in forma pauperis*, leave to file an amended complaint. On January 2, 2020, Plaintiff filed his amended complaint. (ECF 6.) Thirteen days later, he filed a request for an injunction. (ECF 7.) For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

In his original complaint, Plaintiff named the New York City Housing Authority ("NYCHA") and Wendy Prince as defendants. In its November 6, 2019 order, the Court construed Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983. The Court granted Plaintiff leave to file an amended complaint in which he alleged sufficient facts to show that a policy, custom, or practice of NYCHA violated his federally protected rights. (ECF 5, at 3.) The Court also granted Plaintiff leave to allege sufficient facts to show that Prince was personally involved in violations of Plaintiff's federally protected rights. (*Id.* at 3-4.)

Plaintiff, in his amended complaint, however, names R. Rodriguez as the sole defendant. He seems to allege that Rodriguez is the manager of the NYCHA apartment building in which he lives. While he does not name NYCHA as a defendant in his amended complaint, he asserts that

2

the conditions of his NYCHA apartment are poor, NYCHA officials have attempted to visit or inspect his apartment and are attempting to evict him, and that NYCHA officials have discriminated against him, failed to translate relevant NYCHA documents addressed to him into his language, and have forged documents with his signature. He seeks damages and injunctive relief.

In addition, Plaintiff has attached to his amended complaint a specification of charges in which NYCHA listed ways in which it believes Plaintiff has violated its rules for its tenants. Plaintiff has also attached a notice from NYCHA that informed him that (1) a hearing was scheduled for December 20, 2019, (2) the hearing would be Plaintiff's only opportunity to be heard about the administrative charges NYCHA brought against him, and (3) a determination after the hearing may result in Plaintiff's eviction, and that the determination could not be challenged "in the landlord-tenant court." (ECF 6, at 13.) Plaintiff filed his amended complaint after the date of hearing. But he does not state whether he attended the hearing and what determination, if any, was made there.

Plaintiff has further filed a request for an injunction. (ECF 7.) He asks to Court to enjoin NYCHA staff members from harassing him. He also seems to ask the Court to transfer a discrimination complaint he filed with the New York State Division of Human Rights (DHR) to the United States Department of Housing and Urban Development (HUD).

**DISCUSSION**

In its November 6, 2019 order, the Court granted Plaintiff leave to amend his complaint to allege sufficient facts to show that a policy, custom, or practice of NYCHA caused a violation of his federally protected rights. It also granted Plaintiff leave to amend his complaint to allege sufficient facts to show the personal involvement of Prince in violations of his federally protected rights. The Court did this to give Plaintiff, who appears *pro se*, an opportunity to state a

claim for relief under 42 U.S.C. § 1983 against NYCHA or Prince. But because he does not name NYCHA or Prince as a defendant in his amended complaint, the Court deems his claims against them abandoned.

In naming Rodriguez – a NYCHA employee – as the sole defendant in his amended complaint, and in making many allegations about NYCHA, Plaintiff seems to again assert claims under § 1983. But he alleges no facts showing Rodriguez's personal involvement in violations of his federally protected rights. And even if the Court were to understand the amended complaint as asserting § 1983 claims against NYCHA, Plaintiff alleges insufficient facts to suggest that a policy, custom, or practice of NYCHA caused a violation of his federally protected rights. Thus, Plaintiff fails to state a claim under § 1983 against Rodriguez or NYCHA. The Court therefore dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, and because he alleges in his amended complaint that NYCHA officials discriminated against him because of his race, disability, and national origin, the Court grants Plaintiff leave to file a second amended complaint in which alleges sufficient facts to state a claim under the Fair Housing Act ("FHA").[1]

---

[1] The FHA protects an individual from housing discrimination that is based on the individual's race, color, religion, sex, familial status, national origin, or disability. *See* 42 U.S.C. § 3604. To state claim of discrimination under the FHA, a plaintiff must allege sufficient facts to show: (1) the defendant took discriminatory action against the plaintiff, and (2) the plaintiff's protected characteristic (race, color, religion, familial status, national origin, or disability) was a motivating factor in the discriminatory action. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86-88 (2d Cir. 2015) (pleading standard for employment-discrimination claims made under Title VII of the Civil Rights Act of 1964 and § 1983); *see also Palmer v. Fannie Mae*, 755 F. App'x 43, 45-46 (2d Cir. 2018) (summary order) (adopting *Vega* pleading standard for FHA claims).

# CONCLUSION

The Clerk of Court is directed to note service on the docket. Plaintiff has consented to electronic service of Court documents. (ECF 3.)

The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court denies Plaintiff's request for an injunction as moot. (ECF 7.)

The Court grants Plaintiff leave to file a second amended complaint within 30 days of the date of this order. If Plaintiff fails to file a second amended complaint in compliance with this order within the time allowed, the Court will enter a judgment dismissing this action for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 14, 2020
       New York, New York

                                                COLLEEN McMAHON
                                                Chief United States District Judge