USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Wen-Hwa Shieh,

                      Plaintiff,

-against-

New York City Housing Authority,

                      Defendant.

1:19-CV-5306 (JMF) (SDA)

**ORDER OF SERVICE**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Wen-Hwa Shieh, who appears *pro se*, asserts that his landlord, the New York City Housing Authority ("NYCHA") has discriminated against him. He seeks damages and injunctive relief. The Court construes Plaintiff's second amended complaint as asserting claims under the Fair Housing Act, the Americans with Disabilities Act, and the Rehabilitation Act, as well as claims under state law. By order dated October 29, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court directs service on NYCHA.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the second amended complaint on NYCHA until the Court reviewed the second amended

complaint and ordered that a summons be issued for NYCHA. The Court therefore extends the time to serve NYCHA until 90 days after the date that a summons is issued for NYCHA. If the second amended complaint is not served on NYCHA within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on NYCHA through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for NYCHA. The Clerk of Court is further instructed to issue a summons for NYCHA, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on NYCHA.

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to issue a summons for NYCHA, complete a USM-285 form with the service address for NYCHA, and deliver all documents necessary to effect service on NYCHA to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

2

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The undersigned's chambers will serve this Order upon *pro se* Plaintiff.

**SO ORDERED.**

DATED:  New York, New York
April 14, 2020

_____
STEWART D. AARON
United States Magistrate Judge

**DEFENDANT AND SERVICE ADDRESS**

New York City Housing Authority
90 Church Street, 11th Floor
New York, New York 10007